# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD McKINNEY, | 1:14-cv-01751-SAB-HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY, TO EXPEDITE PROCEEDINGS, AND FOR APPOINTMENT OF COUNSEL |
| v. | |
| CARL WOFFORD, | (ECF No. 11) |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2254.

In his federal habeas petition, Petitioner challenges his 2012 conviction in the Kings County Superior Court for continuous sexual abuse. In his petition, Petitioner claims that: 1) The prosecutor committed misconduct and he received ineffective assistance of counsel because the prosecutor and defense counsel suppressed evidence and used perjured testimony, fabricated an illegal 1370 competency trial, and forced Petitioner to take medication to coerce a no contest plea; 2) He received ineffective assistance of counsel because his second trial attorney abandoned him and did not conduct discovery, counsel him, or make objections; and 3) The plea was coerced because he was drugged by doctors.

On February 2, 2015, Petitioner filed the instant motion for discovery, immediate release from custody, and judgment of acquittal.

1

**I.**

**DISCUSSION**

**A. Motion for Judgment of Acquittal and Immediate Release from Custody**

The Court will treat Petitioner's motion for immediate release from custody and judgment of acquittal as a motion to expedite proceedings in the pending petition for writ of habeas corpus. As Petitioner correctly states, the instant action is pending before this Court. However, the Court does not have an expedited calendar. Petitioner is advised that the Court acts to resolve all pending cases in the most efficient manner possible. The Court is aware of Petitioner's pending petition. On January 6, 2015, the Court ordered Respondent to file a response within sixty days. Once all briefs are submitted, the Court will decide Petitioner's petition. The Court's docket of pending cases is substantial, and the Court must act first on those matters that have been pending the longest. Therefore, Petitioner's motion for a judgment of acquittal and immediate release from custody must be denied.

**B. Motion for Discovery**

Although discovery is available pursuant to Rule 6, it is only granted at the Court's discretion, and upon a showing of good cause. Bracy v. Gramley, 520 U.S. 899, 904 (1997); McDaniel v. United States Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254. Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy v. Gramley, 520 U.S. at 908-09 (citing Harris v. Nelson, 394 U.S. 287 (1969). Discovery will not be allowed so that the petition can "explore [his] case in search of its existence," looking for new constitutional claims. See Rich v. Calderon, 187 F.3d 1064, 1067 (9th Cir. 1999). If good cause is shown, the extent and scope of discovery is within the court's discretion. See Habeas Rule 6(a).

Here, Petitioner requests that the Court order the prosecution to turn over the following documents: (1) The Hanford Police report involving a domestic violence call between the victim's mother and father; (2) The Hanford Police Department report regarding an incident

2

involving the victim's father that was reported by the mother of a potential victim of the father of the instant victim; (3) The Hanford Police Department report involving a custody dispute between Petitioner, the victim's mother, and the victim's father; (4) The criminal record of the victim's father; (5) A "written document that was retrieved from Petitioner's storage unit by Ken Silva" which according to Petitioner is evidence that the victim's father threatened to go to Child Protective Services (CPS) and make trouble for Petitioner and the victim's mother; (6) The CPS report that involved a call made by the victim's father; (7) The police report of the incident involved in the instant case; (8) The transcript of the audio interview of the victim conducted by police; (9) The defense investigator's report about Petitioner's life; and (10) Transcripts of Petitioner's state case.  Petitioner also asks the Court to order that the depositions of his family members be taken.

It appears that Petitioner is seeking discovery of these items because of his claim that the prosecutor and defense counsel violated his rights when they suppressed these items.  Petitioner claims in his petition that his trial counsel and prosecution worked together to destroy his credible defense of actual innocence, but this pre-plea violation is not cognizable on federal habeas review except for any connection to the voluntary and intelligent nature of the guilty plea itself.  See Tollet v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) (State prisoners that have pled guilty or nolo contendere cannot attack pre-plea constitutional violations in a federal habeas petition unless the violations concern the voluntary and intelligent nature of the guilty plea itself.).

It appears that Petitioner is primarily seeking these items for establishing the victim's father's motive for coercing the victim into making allegations that Petitioner had sexually assaulted her.  Based on Petitioner's submissions, it appears that any motive or animus of the victim's father is not connected to Petitioner's cognizable habeas claims relating to his unknowing and involuntary plea.  Therefore, Petitioner has not established a connection between the requested items and his cognizable claims for relief.  Petitioner has failed to show good cause for the requested discovery, because there is no reason to believe that if he obtains the requested discovery and the facts are fully developed, he will be able to demonstrate that he is entitled to

relief. See Bracy v. Gramley, 520 U.S. 899, 908-09 (1997).

Petitioner also requests the transcripts of the state court proceedings. In Wade v. Wilson, 396 U.S. 282, 286, 90 S.Ct. 501, 24 L.Ed.2d 470 (1970), the United States Supreme Court postponed the decision on whether the State must furnish a transcript to aid an indigent petitioner for collateral relief, until the time that the petitioner could not borrow a copy from state authorities or successfully apply to the California courts to direct a custodian to make a copy available to him. In this case, it appears that Petitioner has not applied to the California courts for a copy of the transcripts. Petitioner has also not shown that he is unable to borrow or receive a copy of the transcripts from anyone who may have a copy of the transcripts. In addition, Petitioner has not shown a need for the transcripts at this time. See Martinez v. United States, 344 F.2d 325 (10th Cir. 1965); Frison v. United States, 322 F.2d 476 (10th Cir. 1963); United States v. Shoaf, 341 F.2d 832 (4th Cir. 1964).

In addition, Petitioner's request for an order to take the depositions of his family members must be denied. Petitioner states that his family members could counter the prosecution's evidence and support his theory of actual innocence. However, Petitioner does not state what information his family members would provide to support his claims in his petition that relate to the voluntary and intelligent nature of his plea.

Accordingly, Petitioner has not shown good cause for the items which he requests, and his motion for discovery must be denied without prejudice.

**C. Motion for Appointment of Counsel**

Petitioner requests that the Court appoint him counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C. 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. The court should consider the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). In the present case, the Court does not find that the

4

interests of justice would be served by the appointment of counsel at the present time.

## II.
## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for discovery is DENIED WITHOUT PREJUDICE;
2. Petitioner's motions for judgment of acquittal and immediate release from custody are DENIED; and
3. Petitioner's motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:  **February 24, 2015**

UNITED STATES MAGISTRATE JUDGE