# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD McKINNEY,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CARL WOFFORD,<br><br>　　　　Respondent. | 1:14-cv-01751-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTIONS FOR DEFAULT, JUDGMENT OF ACQUITTAL, AND IMMEDIATE RELEASE FROM CUSTODY<br><br>(ECF Nos. 19 and 21) |

　　　　Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2254.  Both parties have consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).  (ECF Nos. 4 & 14).

　　　　In his federal habeas petition, Petitioner challenges his 2012 conviction in the Kings County Superior Court for continuous sexual abuse.  In his petition, Petitioner claims that: 1) the prosecutor committed misconduct and he received ineffective assistance of counsel because the prosecutor and defense counsel suppressed evidence and used perjured testimony, fabricated an illegal Cal. Penal Code § 1370 competency trial, and forced Petitioner to take medication to coerce a no contest plea; 2) he received ineffective assistance of counsel because his second trial attorney abandoned him and did not conduct discovery, counsel him, or make objections; and 3) the plea was coerced because he was drugged by doctors.

　　　　Petitioner filed motions for discovery, immediate release from custody, and judgment of

1 acquittal, which were denied on February 25, 2015. (ECF Nos. 11 and 13). On March 10, 2015,
2 Respondent filed a motion to dismiss. (ECF No. 15). On that same day, Respondent lodged
3 documents in paper with the Court. (ECF No. 17). On March 19, 2015, Petitioner filed a notice
4 of default and judgment for acquittal. (ECF No. 19). On March 30, 2015, Petitioner filed his
5 opposition to Respondent's motion to dismiss. (ECF No. 20). On March 30, 2015, Petitioner
6 filed a motion for default and judgment for acquittal. (ECF No. 21).

**I.**

**DISCUSSION**

The Court previously treated Petitioner's motion for immediate release from custody and judgment of acquittal as a motion to expedite proceedings in the pending petition for writ of habeas corpus. (ECF No. 13). As the Court previously informed Petitioner, the Court does not have an expedited calendar. (ECF No. 13 at 2). The Court will review Petitioner's habeas petition when it is fully briefed and ready for review. In addition, the Court has a substantial number of pending cases, and the Court must act first on those matters that have been pending the longest.

Petitioner argues that Respondent has defaulted because he did not submit his response within the time period proscribed in the Court's order to respond. Respondent filed his motion to dismiss on March 10, 2015. (ECF No. 15). Respondent filed a motion to file his response one day late, which the Court denied as moot. (ECF Nos. 16 and 17). As the Court noted in its order denying as moot Respondent's request to file his response one day late, Respondent filed his motion to dismiss in accordance with the Court's January 6, 2015, order to respond. (ECF No. 18). Respondent had until March 12, 2015, to file his response to the Court's order to respond. Furthermore, even if Petitioner had filed his motion to dismiss one day late, the Court noted that it would have granted Respondent's request to file his response late. (ECF No. 18 at 2). Therefore, Respondent complied with the deadlines set by the Court.

Petitioner also argues that Respondent has defaulted because Respondent did not file any court ordered pleadings or other documents to support the motion to dismiss. (ECF No. 21). Specifically, Petitioner argues that Respondent did not file "Petitioner's granted CR-120 appeal

for I.A.C.," so Petitioner should be granted default judgment and immediate release from custody. (ECF No. 21 at 3-4). It is unclear what Petitioner is referring to when he discusses "Petitioner's granted CR-120 appeal for I.A.C." because the record does not contain any mention of a "CR-120 appeal for I.A.C." that was granted and Petitioner has not provided any details for this appeal or a copy of the order. The Court had ordered Respondent to include copies of all of Petitioner's state court filings and dispositive rulings with a motion to dismiss. (ECF No. 8 at 2). Respondent lodged 16 documents with the Court that included the abstract of judgment in this case, the petitions for writ of habeas corpus that Petitioner filed in state court, and the state court rulings on the petitions for writ of habeas corpus. (ECF No. 17). Therefore, Respondent filed the state court filings and dispositive rulings in accordance with the Court's order to respond.

Petitioner argues that Respondent should have addressed the merits of claims 1 and 2 in the motion to dismiss in accordance with the Rules Governing Section 2254 Cases. (ECF No. 21 at 2-3). It appears that Petitioner believes that Respondent filed an answer in accordance with Rule 5 of the Rules Governing Section 2254 Cases. (ECF No. 2). However, Petitioner is incorrect. Respondent did not file an answer to the petition. Respondent filed a motion to dismiss in accordance with the Court's order to respond and the Rules Governing Section 2254 Cases. Rule 4 of the Rules Governing Section 2254 Cases provides that "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Therefore, the Court may order a respondent to file an answer or a motion to dismiss. Here, the Court ordered Respondent to file a response to the petition that could have been either an answer addressing the merits of the petition or a motion to dismiss the petition. (ECF No. 8 at 1-2). Respondent chose to file a motion to dismiss. Rule 5(b) of the Rules Governing Section 2254 Cases provides that "The answer must address the allegations in the petition." As Respondent did not file an answer, Rule 5(b) of the Rules Governing Section 2254 Cases does not apply. Therefore, Respondent did not have to address the merits of the petition in his motion to dismiss.

Furthermore, Title 28, United States Code, Section 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the

Constitution or laws or treaties of the United States." Section 2243 of Title 28, United States Code provides that "the court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." In Townsend v. Sam, 372 U.S. 293, 312, 83 S.Ct. 745 (1963), the Court said: "State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution." The Petitioner has the burden to show that he is in custody in violation of the Constitution of the United States. The failure of state officials to timely comply with the deadlines set by this Court does not relieve Petitioner of his burden of proof. See Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1994) (holding that Respondent's failure to timely respond to petition does not entitle Petitioner to default). Default judgments in habeas corpus proceedings are not available as a procedure to empty state prisons. Therefore, even if Respondent had mistakenly failed to address the merits of the petition in the motion to dismiss, had not timely filed his motion to dismiss, and had not attached all of the relevant documents to his motion to dismiss, Petitioner would not be entitled to release from custody unless and until Petitioner proves to this Court that he is in custody in violation of the United States Constitution.

Thus, Petitioner's motions for default, judgment of acquittal, and immediate release from custody must be denied.

## II.
## ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner's motions for default, judgment of acquittal, and immediate release from custody are DENIED.

IT IS SO ORDERED.

Dated:   **April 9, 2015**

_____
UNITED STATES MAGISTRATE JUDGE