# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RAY MCKINNEY, | Case No.  1:14-cv-01751-SAB-HC |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION WITHOUT PREJUDICE |
| v. | |
| CARL WOFFORD, | |
| Respondent. | |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Both parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (ECF Nos. 4, 14).

## I.

## BACKGROUND

On November 3, 2014, Petitioner filed his petition in this Court.  Petitioner challenges his 2012 conviction in the Kings County Superior Court for continuous sexual abuse.  Respondent filed a motion to dismiss because of exhaustion and statute of limitations, but Respondent withdrew his motion to dismiss as to statute of limitations.  (ECF Nos. 15, 33).  Respondent is still proceeding on his motion to dismiss for exhaustion.  (ECF No. 33).  Petitioner filed an opposition to the motion to dismiss and objections to Respondent's reply to the opposition to the

1  motion to dismiss.  (ECF Nos. 20, 35).[1]

2   On February 25, 2015, the Court denied Petitioner's motion for discovery, motion for

3  judgment of acquittal and immediate release from custody, and motion for appointment of

4  counsel.  (ECF No. 13).  On April 9, 2015, the Court denied Petitioner's motion for default and

5  second motion for judgment of acquittal and immediate release.  (ECF No. 24).  On April 9,

6  2015, Petitioner filed a motion to enforce the Court's January 6, 2015 order directing Respondent

7  to file a response to petition.  (ECF No. 26).  On April 16, 2015, Petitioner filed a motion to

8  grant Petitioner's acquittal with prejudice.  (ECF No. 27).  On that same day, Petitioner filed a

9  motion to deny Respondent's extension of time to file his reply to the motion to the opposition to

10  the motion to dismiss.  (ECF No. 28).  On May 28, 2015, Petitioner filed a third motion for

11  judgment of acquittal and immediate release from custody.  (ECF No. 32).

12  **II.**

13  **DISCUSSION**

14  **A.  Limitation Period for Filing a Petition for Writ of Habeas Corpus**

15   On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

16  of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for

17  writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320

18  (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc).

19   In this case, the petition was filed on November 3, 2014, and therefore, it is subject to the

20  provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners

21  seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended,

22  § 2244, subdivision (d) reads:

23   (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
 corpus by a person in custody pursuant to the judgment of a State court.  The
24   limitation period shall run from the latest of –

25    (A) the date on which the judgment became final by the conclusion of
  direct review or the expiration of the time for seeking such review;

26

27  [1] The Court notes that generally a Petitioner is not entitled to file a response to Respondent's reply to the opposition
to motion to dismiss.  However, in this case, the Court has considered Petitioner's objections to Respondent's reply
28  to Petitioner's opposition to motion to dismiss.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondent has withdrawn his motion to dismiss as to the statute of limitations argument and suggests that Petitioner may be entitled to equitable tolling because Petitioner may not have received his legal mail.  As Respondent notes, there is potential merit to Petitioner's claims that he did not receive the rulings on his fourth and fifth state petitions until months later.  However, the factual basis of this issue is still undeveloped, so at this time the Court does not have enough information to determine this issue.  As the Court finds that the petition should be dismissed without prejudice because it is unexhausted, the Court will not develop the record further at this time to determine whether Petitioner's allegations regarding the delay in receiving the two orders entitles him to equitable tolling.

**B.  Exhaustion**

Respondent asserts that the instant petition must be dismissed because it is fully unexhausted.  A petitioner who is in state custody proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.

Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-10 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne,        223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

4

1   Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000).

2   　　Here, it does not appear that Petitioner has provided the California Supreme Court with a

3   full and fair opportunity to review his claims.  On August 18, 2013, Petitioner filed a habeas

4   petition in the California Supreme Court.  (ECF No. 14).  Petitioner is correct that he has

5   submitted petitions for review in the California Supreme Court, but these petitions were not

6   properly filed.  (ECF No. 20 at 35; LD 18).  Petitioner's petition for review that was submitted to

7   the California Supreme Court on August 5, 2013, was returned unfiled to him on August 6, 2013,

8   because the state high court was without jurisdiction to hear the petition.  (ECF No. 20 at 35).

9   Therefore, the August 5, 2013 petition for review did not provide the California Supreme Court

10  with a full and fair opportunity to review Petitioner's claims.  Petitioner's other submission to the

11  California Supreme Court was a review petition that he submitted on October 31, 2013.  The

12  review petition was submitted two months after he filed his August 18, 2013 habeas action and

13  was marked docketed on November 8, 2013, but was not filed.  (LD 15).  This October 31, 2013

14  petition for review did not provide the California Supreme Court with a full and fair opportunity

15  to review Petitioner's claims.

16  　　 On November 13, 2013, the California Supreme Court denied the August 18, 2013

17  habeas action.  In the order, the California Supreme Court cited to People v. Duvall, 9 Cal.4th

18  464, 474 (1995) and In re Swain, 34 Cal.2d 300, 304 (1949).  (LD 16).  The two cases require

19  that one must allege with sufficient particularity the facts warranting habeas relief and allow

20  amendment to comply.  Petitioner in this case could have complied with the California Supreme

21  Court's order and pled his claims with greater particularity.  Thus, Petitioner's August 18, 2013

22  petition did not provide the California Supreme Court with a fair and full opportunity to review

23  Petitioner's claims and the petition is unexhausted.

24  　　As Petitioner's claims are unexhausted, this Court will not proceed to the merits.  See 28

25  U.S.C. § 2254(b)(1).  Moreover, as Petitioner has not shown that there are exceptional

26  circumstances in his case or that his case presents an obvious miscarriage of justice, this Court

27  will not excuse the exhaustion requirement.  See Granberry v. Greer, 481 U.S. 129, 134 (1987)

28  (quoting Ex Parte Hawk, 321 U.S. 114, 117 (1944)).  Therefore, the petition must be dismissed

as unexhausted.  As the petition is dismissed, all pending motions are moot.  However, the Court will also review the merits of Petitioner's pending motions.

### C.  Motion to Enforce Magistrate Judge's Order

On April 9, 2015, Petitioner filed a motion to enforce the Magistrate Judge's order. Petitioner argues that Respondent did not provide a copy of transcripts and filed pleadings. Petitioner contends that Respondent did not submit the "CR-120 appeal for ineffective assistance of counsel, [that] Petitioner had filed in the Fifth Appellate District." (ECF No. 26 at 1-2).

Petitioner had previously filed a similar motion.  On March 30, 2015, Petitioner filed a motion for default and judgment for acquittal.  (ECF No. 21).  In that motion, Petitioner argued that Respondent had defaulted because Respondent did not file "Petitioner's granted CR-120 appeal for I.A.C." (ECF No. 21 at 3-4).  As the Court stated in its April 9, 2015 order, it is unclear what Petitioner is referring to when he discusses "Petitioner's granted CR-120 appeal for I.A.C." The record does not contain any mention of a "CR-120 appeal for I.A.C."

Petitioner has not provided any specific details about the documents, proceedings, or orders for his "CR-120 appeal for I.A.C." On June 8, 2015, Respondent lodged a second set of documents in the Court.  (ECF No. 34).  Respondent lodged the case results for "Edward McKinney" in the California Court of Appeal, Fifth Appellate District.  (LD 19).  This document reveals that Petitioner has filed three cases in the California Court of Appeal.  Court of Appeal case number F064586 corresponds to the March 29, 2012 petition for writ of habeas corpus, which was denied on April 26, 2012.  (LD 2, LD 3).  Court of Appeal case number F066841 corresponds to the March 14, 2013 petition for writ of habeas corpus, which was denied on March 26, 2013.  (LD 8, LD 9).  Court of Appeal case number F067306 corresponds to the May 30, 2013 petition for writ of habeas corpus, which was denied on June 7, 2013.  (LD 10, LD 11). Therefore, Respondent did lodge all of the pleadings and orders for the cases that Petitioner field in the California Court of Appeal, Fifth District and there was no "CR-120 appeal for I.A.C." Thus, Petitioner's motion to enforce the order must be denied.

### D.  Motions to Grant Petitioner's Acquittal and Immediate Release From Custody

On April 16, 2015, Petitioner filed a motion for acquittal.  (ECF No. 27).  On May 28,

2015, Petitioner filed a motion for judgment of acquittal and order for immediate release from custody. (ECF No. 32). Petitioner requests that the Court enter an acquittal, immediately release Petitioner, and enter an order not permitting charges to be re-filed because of fraudulent behavior by state officials.

As the Court stated in its April 9, 2015 order denying Petitioner's previous motion for judgment of acquittal and release from custody, even if Respondent had not attached all of the documents to the motion to dismiss, that would not be sufficient grounds for Petitioner to receive federal habeas relief. (LD 24 at 4). In Townsend v. Sam, 372 U.S. 293, 312, 83 S.Ct. 745 (1963), the Court said: "State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution." The instant petition must be dismissed without prejudice for failure to exhaust state remedies. Therefore, Petitioner is not entitled to habeas relief, and his motions for judgment of acquittal and release from custody must be denied.

**E.  Motion to Deny Extension of Time for Respondent**

On April 16, 2015, Petitioner filed a motion to deny the extension of time for Respondent. (ECF No. 28). Based upon Petitioner's motion, it appears that he wanted the Court to deny Respondent's April 6, 2015 motion for an extension of time to file a reply to Petitioner's opposition to the motion to dismiss. On April 8, 2015, the Court found that good cause was presented to the Court and granted Respondent's motion for extension of time to file a reply to opposition to motion to dismiss. (ECF No. 22). Petitioner has not presented any legitimate reasons why Respondent's motion should have been denied. Therefore, Petitioner's motion to deny an extension of time must be denied.

### III.

### CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

    (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2)

    If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).   While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

    In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby declines to issue a certificate of appealability.

/ / /

/ / /

**IV.**

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.  Respondent's motion to dismiss for exhaustion is GRANTED;

2.  Petitioner's petition is DISMISSED without prejudice for failure to exhaust state remedies;

3.  The Clerk of Court is DIRECTED to close the case;

4.  Petitioner's motion to enforce Magistrate's order (ECF No. 26) is DENIED;

5.  Petitioner's motion to grant Petitioner's acquittal with prejudice (ECF No. 27) is DENIED;

6.  Petitioner's motion to deny extension of time for Respondent is DENIED;

7.  Petitioner's motion for judgment of acquittal and immediate release from custody (ECF No. 32) is DENIED; and

8.  The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **July 24, 2015**

UNITED STATES MAGISTRATE JUDGE