# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RAY MCKINNEY,<br><br>Petitioner,<br><br>v.<br><br>CARL WOFFORD,<br><br>Respondent. | 1:14-cv-01751-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR STAY AND ABEYANCE (ECF No. 38)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (ECF No. 39) |

Petitioner is a state prisoner who had filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 27, 2015, the Court granted Respondent's motion to dismiss, dismissed the petition for failure to exhaust state remedies, and declined to issue a certificate of appealability. (ECF No. 36). On July 27, 2015, judgment was entered and the case was closed. (ECF No. 37).

On August 6, 2015, Petitioner filed a motion for stay and abeyance so that he can exhaust his state court remedies. (ECF No. 38). As the Court had already dismissed the petition and closed the action before Petitioner filed his motion for stay and abeyance, the motion is moot. Furthermore, the motion is meritless. Petitioner requests that the Court stay his petition until he exhausts his claims. Under these circumstances, the Court could not have stayed a completely unexhausted petition. The Court cannot consider a petition that is entirely unexhausted. See Rose v. Lundy, 455 U.S. 509, 521-22 (1989). A district court has the power to stay a petition that contains both exhausted and unexhausted claims. See Rhines v. Weber, 544 U.S. 269

1

1  (2005); Kelly v. Small, 315 F.3d 1063, 1070, (9th Cir. 2004).  However, a district court has no
2  power to entertain or stay a totally unexhausted petition.  Rose, 455 U.S. at 52-22.  Because the
3  Court cannot consider an unexhausted petition, it also cannot stay an unexhausted petition.
4  Therefore, Petitioner's motion for a stay is meritless.

5       On August 6, 2015, Petitioner filed objections to the Court's order granting Respondent's
6  motion to dismiss and dismissing the petition without prejudice.  (ECF No. 39).  It appears that
7  Petitioner has mistaken the final order and judgment entered in this matter to be a findings and
8  recommendation by the undersigned.  The Court will construe Petitioner's objections as a motion
9  for reconsideration.

10       A petitioner may file a motion for reconsideration of a final judgment, and the motion
11  may be treated as a motion to alter or amend the judgment under Federal Rule of Civil Procedure
12  59(e) or as a motion for relief from judgment or order under Federal Rule of Civil Procedure
13  60(b).  Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later
14  than 28 days after the entry of the judgment."  Judgment was entered on July 27, 2015, so
15  Petitioner's motion for reconsideration is a timely Rule 59 motion.  However, Petitioner's
16  arguments do not merit reconsideration of the dismissal.

17       Petitioner argues that he exhausted his claims.  However, to exhaust a federal claim, the
18  claim must be fairly presented to the state's highest court.  See O'Sullivan v. Boerckel, 526 U.S.
19  838, 845 (1999); Garrison v. McCarthy, 653 F.2d 374, 376 (9th Cir. 1981) (petitioner must
20  present his claims "to the highest available state court on direct appeal or through state collateral
21  review").

22       Petitioner's filings in the California Supreme Court did not provide a full and fair
23  opportunity for the state's highest court to review the claims.  Petitioner's August 18, 2013
24  petition was denied by the California Supreme Court with citations to People v. Duvall, 9 Cal.4th
25  464, 474 (1995), and In re Swain, 34 Cal.2d 300, 204 (1949). (LD 16).  These two case citations
26  indicate that Petitioner did not allege facts warranting habeas relief with sufficient particularity
27  and the deficiency could have been cured.  Petitioner had the option to plead his claims with
28  greater particularity in the California Supreme Court after the November 13, 2013 order.  There

1 is no indication that Petitioner could not have cured the deficiency.  Petitioner argues that he actually did properly present his claims to the California Supreme Court.  However, upon a review of the petition submitted to the California Supreme Court, this Court finds that the federal claims were not properly presented to the state's highest court.  Therefore, the August 18, 2013 petition did not provide the California Supreme Court with a fair and full opportunity to review Petitioner's claims and the petition is unexhausted.

Petitioner did not properly file his other two submissions to the California Supreme Court.  Petitioner's petition for review that was submitted to the California Supreme Court on August 5, 2013, was returned unfiled to him on August 6, 2013, because the state's highest court was without jurisdiction to hear the petition. (ECF No. 20 at 35).  Petitioner's October 31, 2013 review petition was submitted in a letter to the California Supreme Court two months after he filed his August 18, 2013 habeas action and was marked docketed on November 8, 2013, but was not filed.  (LD 15).  Therefore, these two petitions for review did not provide the California Supreme Court with a full and fair opportunity to review Petitioner's claims.  Thus, the Court correctly determined that Petitioner's petition was completely unexhausted and dismissed the petition without prejudice.  The motion for reconsideration must be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for stay and abeyance (ECF No. 38) is DENIED;
2. Petitioner's objections (ECF No. 39) are construed as a motion for reconsideration; and
3. Petitioner's motion for reconsideration (ECF No. 39) is DENIED.

IT IS SO ORDERED.

Dated: __**August 13, 2015**__

UNITED STATES MAGISTRATE JUDGE